NEW YORK,
Oct. 1812.

SMITH
v.
BURNHAM.

A. by a covenant under his hand and seal, agreed to pay B. one dollar for every thousand of timber annexed *to his name* in a *schedule* annexed to the agreement, for the privilege of floating the same down a certainstream and dam. In an action of covenant brought by B. against A. he pleaded *non est factum*, and it appeared that the *schedule* annexed to the agreement was subscribed "*Delano & Burnam*," and the name of the defendant subscribed to the agreement was *Andrew Burnham*. It was held that the defendant having admitted by his covenant, that his name was subscribed to the *schedule*, was estopped to deny that *Delano & Burnam*, did not include his name, or to allege a *misnomer*, in avoidance of his covenant; the schedule being taken, in this respect, as a part of the covenant.

## SMITH AND PLATT *against* BURNHAM.

THIS was an action of covenant, by which the defendant and several other persons agreed with the plaintiffs, in consideration that the plaintiffs had " agreed to permit each of them to float down the river *Saranac*, such quantity of timber as was annexed to their names respectively, in a certain schedule thereto annexed, and to put the same over the dam," &c. that they would pay the plaintiffs at the rate of one dollar for every thousand feet of the timber annexed to their respective names, in the said schedule respectively. This agreement was duly executed, under the hands and seals of the parties, and the name of *Andrew Burnham* subscribed, and his seal affixed. The plaintiffs, in their declaration, after setting out the agreement, averred that there was annexed to the name of the said defendant, in the schedule annexed to the agreement, two thousand feet of timber, &c. The breaches assigned were, the non-payment of one dollar per thousand feet of the said timber, and damage done by floating the timber, &c.

The defendant pleaded *non est factum*, with a notice, that he would prove at the trial, that the plaintiffs were not damnified by floating the timber, &c.

At the trial, the plaintiffs produced the agreement, and proved its execution by the defendant. He also produced the *schedule*, which, the subscribing witness to the agreement testified, had been previously signed, and was annexed to the agreement, at the time of its execution. To the schedule was subscribed " *Delano and Burnam*, 52 thousand."

The counsel for the defendant moved for a nonsuit, on the ground that the name of the defendant, *Andrew Burnham*, was not in the schedule, as averred in the plaintiff's declaration. And the judge ordered the plaintiff to be called and nonsuited.

A motion was made to set aside the nonsuit, and for a new trial.

*Foot*, for the plaintiff.

*Z. R. Shepherd*, contra.

NEW YORK,
Oct. 1812.

WETMORE
v
BAKER.

*Per Curiam.* The defendant admitted, by his covenant, that his name was annexed to the schedule, with a quantity of timber subjoined. He is, therefore, estopped to deny that *Delano and Burnam* did not include his name. *Burnam* must be considered to be the same name as *Burnham*, and he cannot set up a misnomer in avoidance of his covenant. The words "*Delano and*" may be rejected as surplusage ; and if it be a distinct name, yet, as the defendant coupled his name with another, he is still responsible for the sum annexed. The omission to add his *christian* name cannot help him. A mistake of the *surname* in a deed will not vitiate ; and the schedule being referred to in the covenant, it is to be taken as part of the covenant, for the purpose of estopping the defendant from denying the name which he has admitted, merely because there may be a misnomer, or because the christian name was omitted. The nonsuit ought, therefore, to be set aside, and a new trial awarded, with costs to abide the event of the suit.

Motion granted.